```
 1   UNITED STATES BANKRUPTCY COURT
     SOUTHERN DISTRICT OF NEW YORK
 2
     - - - - - - - - - - - - - - - - - - -x
 3
     In re:
 4
                                            Chapter 11
 5
     INDU CRAFT INC.,
 6
                                            Case No. 97-44958-RDD
 7

 8
              Debtor.
 9

10
     - - - - - - - - - - - - - - - - - - -x
11

12
                   MODIFIED BENCH RULING
13

14
     A P P E A R A N C E S:
15
     JOEL LEWITTES, ESQ.
16
          Attorney for TZE Wung Consultants, LTD
17

18   CHITTUR & ASSOCIATES, PC

19        Attorneys for Trendi

20        BY: KIRSHNAN CHITTUR, ESQ.

21

22   HOSHOVSKY LAW FIRM

23        BY: SERHIY HOSHOVSKY, ESQ.

24

25   K&L GATES LLP
```

```
 1              Attorneys for Bank of Baroda

 2              BY: RICHARD S. MILLER, ESQ.

 3              and RAJIV KHANNA, ESQ.

 4


 5
        HON. ROBERT D. DRAIN
 6      U.S. BANKRUPTCY JUDGE

 7

 8              I have before me two motions, both of which are

 9      opposed by Bank of Baroda.  The first is a motion that was made

10      over three years ago by Trendi Sportswear, Inc. under

11      Bankruptcy Rule 9023, which incorporates Federal Rule of Civil

12      Procedure 59.  The second is a motion by Tze Wung Consultants,

13      Ltd. under Bankruptcy Rule 9024, which incorporates, with

14      certain modifications regarding the time within which to make

15      such a motion, Federal Rule of Civil Procedure 60.

16              Trendi and Tze Wung were both on the losing side of my

17      Order, dated August 15, 2007, rejecting various motions for an

18      order either amending the Chapter 11 plan confirmed in this

19      case by Bankruptcy Judge Gallett in his Confirmation Order

20      dated March 29, 1999, or granting related relief designed

21      ultimately to enable the preservation of claims of the debtor

22      herein against Bank of Baroda.  The movants had sought such

23      relief because District Judge Martin had found that the

24      debtor's discharge under section 1141 of the Bankruptcy Code

25      under the debtor's Chapter 11 plan and as set forth in Judge
```

1   Gallett's Confirmation Order precluded the pursuit of such

2   claims against Bank of Baroda.  See Bank of India v. Trendi

3   Sportswear, Inc., 2002 U.S. Dist. LEXIS 894, at *10-13

4   (S.D.N.Y. Jan. 17, 2002), aff'd 64 Fed. Appx. 827 (2d Cir.

5   2003), cert. denied, 540 U.S. 1074 (2003) (holding that the

6   debtor's fourth-party indemnification claim against Bank of

7   Baroda for amounts the debtor owed but had never paid Trendi on

8   Trendi's third-party claim -- which claim was discharged under

9   the debtor's Chapter 11 plan -- failed as a matter of law).

10          For reasons that remain unclear to me, I never ruled

11  on Trendi's motion under Bankruptcy Rule 9023 for

12  reconsideration of my August 15, 2007 Order. It is clear that

13  Trendi did not schedule a hearing on the motion, and Bank of

14  Baroda objected to the motion only on February 12, 2009,

15  approximately 18 months after the motion was filed (which

16  suggests that Bank of Baroda didn't know about it, either),

17  referring in its objection to having received a copy of

18  correspondence from Trendi to the Court, dated February 6,

19  2009, in which Trendi asked the Court to rule on the motion.

20  At the May 12, 2011 hearing on Trendi's motion, which the Court

21  scheduled after Tze Wung scheduled a hearing on its Rule 9024

22  motion (that motion having alerted the Court to Trendi's

23  motion), counsel for Trendi gave me his February 6, 2009 letter

24  to the Court, as well as a letter dated September 25, 2009, in

25  which he had requested me to rule on the motion.

1    It is not clear from the letters (which appear to be
2    originals), and counsel for Trendi cannot recollect, whether in
3    fact the letters were actually mailed to chambers in addition
4    to having been filed on ECF.  If they were mailed to chambers,
5    clearly the fault in my not ruling after February 2009 lay with
6    me.  If they were merely filed on ECF, given that Trendi had
7    not scheduled a hearing, the fault lay with Trendi, because it
8    is impossible for me, and therefore not my practice, to review
9    every filing on ECF to determine whether a matter is pending
10   before me.  (The ECF docket in just one of the thousands of
11   cases and adversary proceedings pending before the Court has
12   over 21,000 entries.)  Instead, it is counsel's responsibility
13   to schedule a hearing and/or let the Court know directly of the
14   need for the Court to do so.  But whether the blame lies with
15   Trendi or the Court or both of us, Trendi has not waived its
16   rights under its Rule 9023 motion and is entitled to a ruling
17   on it.
18         As noted, I also have before me a motion, dated March
19   8, 2011, by Tze Wung Consultants, Ltd. for relief under
20   Bankruptcy Rule 9024 from my August 15, 2007 Order.  That is,
21   Tze Wung's Rule 9024 motion was made over three-and-a-half
22   years after the issuance of the order from which it seeks
23   relief.  (I should note that Tze Wung also appealed from the
24   August 15, 2007 Order, as did the debtor, but both appeals were
25   dismissed for lack of prosecution (Doc. ## 203 and 200,

respectively)).  As noted below, however, because under Bankruptcy Rule 8002(b)(3) Trendi's Rule 9023 motion stayed all parties' time to appeal (although Tze Wung apparently did not inform the District Court presiding over its appeal of Trendi's Rule 9023 motion), the dismissal of Tze Wung's appeal is only another indication of how Tze Wung has delayed challenging my August 15, 2007 Order.

Both Trendi's and Tze Wung's motions are premised on the same underlying basis: they contend that my August 15, 2007 Order should be reconsidered or vacated because the Court erred.

**Trendi's Rule 9023 Motion**

Trendi asserts that the Court should not have found that the debtor's Chapter 11 plan had been substantially consummated, and, thus, under section 1127(b) of the Bankruptcy Code was not capable of being modified, and should, instead, have granted Trendi's motion for an order declaring that the debtor's debt to Trendi was not discharged under the Confirmation Order (therefore, in Trendi's view, enabling the debtor to pursue its indemnification claim against Bank of Baroda).  To support its contention that the Chapter 11 plan was not substantially consummated, Trendi asserts only that the Court overlooked that "no assets were transferred to the creditors or to the reorganized entity as required by the [p]lan." See Trendi's Memorandum of Law at 1 (Doc. # 195),

1   although it points to no evidence supporting that assertion,

2   which, as discussed below, is clearly incorrect.  (Trendi also

3   contends that the Court mistakenly found that the debtor's

4   Chapter 11 plan was a liquidating plan, id. at 2.  However,

5   this contention would have no effect on my August 15, 2007

6   ruling if, in fact, it were true; its only consequence, if I

7   agreed with Trendi, would be to eliminate the basis for Tze

8   Wung's Rule 9024 motion, which is premised on the Chapter 11

9   plan being a liquidating plan.)

10          To prevail on its motion under Bankruptcy Rule 9023,

11  Trendi must show that the Court overlooked controlling

12  decisions or factual matters that might materially have

13  influenced the earlier decision or, alternatively, the need to

14  correct a clear error or prevent manifest injustice.  In re

15  Coudert Bros. LLP, 2009 Bankr. LEXIS 2602, at *7-8 (Bankr.

16  S.D.N.Y. Sept. 8, 2009), aff'd 2010 U.S. Dist. LEXIS 58467

17  (S.D.N.Y. June 4, 2010).  "The rule permitting reargument is

18  strictly construed to avoid repetitive arguments on issues that

19  the court has already fully considered.  In addition, parties

20  cannot advance new facts or arguments because a motion for

21  reargument is not a mechanism for presenting the case under new

22  theories, securing a rehearing on the merits, or otherwise

23  taking a second bite at the apple."  In re Vargas Realty

24  Enters., Inc., 2009 Bankr. LEXIS 2040, at *7-8 (Bankr. S.D.N.Y.

25  July 23, 2009) (internal citations omitted).  See also In re

```
 1    Lyondell Chemical Co., 2009 Bankr. LEXIS 724, at *2 (Bankr.
 2    S.D.N.Y. Apr. 10, 2009); In re Adelphia Bus. Solutions, Inc.,
 3    2002 Bankr. LEXIS 1604, at *3-4 (Bankr. S.D.N.Y. Oct. 15, 2002)
 4    ("This rule is intended "to insure the finality of decisions
 5    and to prevent the practice of a losing party examining a
 6    decision and then plugging the gaps of a lost motion with
 7    additional matters."); 12 Moore's Federal Practice ¶ 59.30[6]
 8    (3d ed. 2008), at 59-116 ("A Rule 59(e) motion to alter or
 9    amend a judgment may not be used to relitigate the same matters
10    already determined by the court. Further, a motion to alter or
11    amend generally may not be used to raise arguments, or to
12    present evidence, that could reasonably have been raised or
13    presented before the entry of judgment.").
14            The Trendi motion does not set forth a valid basis for
15    requiring reconsideration of the Court's August 15, 2007 Order.
16    The Order, I believed, and continue to believe, was not
17    manifestly in error, and I'm not going to take upon myself the
18    opportunity that courts have whenever confronted by a timely
19    motion to reconsider to acknowledge that I made a mistake,
20    because, for the reasons set forth in my ruling attached to the
21    Order, I don't believe that I made a mistake.  (The only
22    mistake, I believe, is a typo in my ruling, which refers to
23    sections 1141(a) and 1141(d)(2) of the Bankruptcy Code rather
24    than what it should have referred to, which is section
25    1141(d)(3) of the Bankruptcy Code.) The ruling sets forth the
```

```
 1   basis for my conclusion that the motions that I heard in 2007
 2   should not be granted, and therefore, they should properly be
 3   dealt with on appeal and not on a motion for reconsideration
 4   under Rule 9023, that Rule, as noted above, not being a device
 5   for relitigating a matter that was properly considered.
 6           Moreover, Trendi's original motion, which I denied in
 7   my August 15, 2007 Order, did not assert that the Chapter 11
 8   plan could be modified (and thus did not address the impediment
 9   of Bankruptcy Code section 1127(b)); rather, Trendi contended
10   that the Court merely had to modify Judge Gallett's March 29,
11   1999 Confirmation Order in the interests of equity and the
12   parties' alleged intentions at the time, to provide that the
13   debtor would receive a discharge with the exception of Trendi's
14   claim. (This argument was incorrect for three reasons. First,
15   as stated in the bench ruling attached to the August 15, 2007
16   Order, the 180-day time limit in Bankruptcy Code section 1144
17   precluded such a modification of the Confirmation Order;
18   second, Bankruptcy Code section 1127(b)'s prohibition of the
19   modification of a plan that has been substantially consummated
20   cannot be circumvented by modifying the plan confirmation order
21   or under Bankruptcy Rule 9024.  See In re Rickel & Assocs., 260
22   B.R. 673, 677, 678-79 (Bankr. S.D.N.Y. 2001); third, although
23   Trendi did not address this point, the debtor's discharge
24   appears not only in the Confirmation Order but also in ¶ 9.1(a)
25   of the Chapter 11 plan -- with no exceptions -- therefore,
```

1  modification of the Confirmation Order would have been a

2  modification of the plan, prohibited by section 1127(b).) Thus,

3  Trendi never addressed the issue that its Rule 9023 motion

4  seeks to raise:  whether the substantial consummation of the

5  Chapter 11 plan precludes, under section 1127(b) of the

6  Bankruptcy Code, the modification that Trendi sought.  Thus,

7  Trendi's Rule 9023 motion seeks merely to plug a gap in its

8  original argument, which, under the authorities discussed

9  above, is not a valid basis for Rule 9023 relief.  See also In

10 re General Vision Servs, Inc., 352 B.R. 25, 28 (Bankr. S.D.N.Y.

11 2006).

12           Finally, on the merits, Trendi's contention that the

13 debtor's Chapter 11 plan was not substantially consummated is

14 clearly wrong.  "Substantial consummation" under the Bankruptcy

15 Code is defined as "(A) transfer of all or substantially all of

16 the property proposed by the plan to be transferred; (B) the

17 assumption by the debtor or by the successor to the debtor

18 under the plan of the business or of the management of all or

19 substantially all of the property dealt with by the plan; and

20 (C) commencement of distribution under the plan."  11 U.S.C. §

21 1101(2). See also In re Loral Space & Communs. Ltd., 342 B.R.

22 132, 136-37 (S.D.N.Y. 2006); In re Spiegel Inc., 2006 Bankr.

23 LEXIS 2158, at *46 (Bankr. S.D.N.Y. Aug. 16, 2006); aff'd 2007

24 U.S. Dist. LEXIS 19633 (S.D.N.Y. Feb. 26, 2007), 269 Fed. Appx.

25 56 (2d Cir. 2008), cert. denied sub nom Stupakoff v. Otto, 129

1  S. Ct. 146 (2008).  In the bench ruling attached to the August

2  15, 2007 Order, the Court set forth the reasons why it found

3  and concluded that the plan had been substantially consummated.

4  Trendi's motion does not cite any evidence in the record or

5  alledgely newly discovered to the contrary.  Moreover, the

6  docket of this case shows that the debtor has acknowledged that

7  "the Plan has been fully implemented and administered in

8  accordance with the Plan," see debtor's Application for a Final

9  Decree (Doc. # 160), and that "the Debtor has made the

10  distribution to holders of Allowed Claims, as required by the

11  Confirmed Second Amended Plan of Reorganization, as Modified,"

12  see debtor's Report in Furtherance of Post-Confirmation Order

13  and Notice (Doc. # 143).  In addition, paragraph E. of the

14  Confirmation Order provides that "Except as otherwise provided

15  for herein, or in the Modified Plan, on the Effective Date, all

16  assets and properties of the Estate shall revest in the Debtor

17  free and clear of all Liens, Claims and encumbrances. . . ,"

18  and it is clear from the Plan that the Effective Date of the

19  Plan occurred ten days after the entry of the Confirmation

20  Order (which, of course, was not stayed and has, since April 8,

21  1999, been a final order).  See Second Amended Plan of

22  Reorganization of Indu Craft, Inc., as Modified at ¶¶ 1.27, 1.17,

23  1.33, 1.32, 7.9. See In re Spiegel, 2006 Bankr. LEXIS 2158, at *46

24  (referring to similar provision in confirmation order as

25  indicating substantial consummation).

1   **Tze Wung's Rule 9024 Motion**

2   Because of the one-year time limit applicable under
3   Federal Rule of Civil Procedure 60(c)(1) to Rule 9024 motions
4   based on Federal Rule of Civil Procedure 60(b)(1), (2) or (3),
5   and because the basis for Tze Wung's Rule 9024 motion cannot
6   lie in Federal Rule of Civil Procedure 60(b)(4) or (5), Tze
7   Wung must premise its Rule 9024 motion on the "any other reason
8   that justifies relief" provision of Federal Rule of Civil
9   Procedure 60(b)(6).  That provision, like all of the provisions
10  of Rule 60(b), is governed by Rule 60(c)(1)'s requirement that
11  the motion have been made "within a reasonable time."

12  Tze Wung asserts that it has carried its burden under
13  Rule 60(b)(6) based on what it contends is the Court's alleged
14  manifest error of law in finding that the debtor's Chapter 11
15  plan and Judge Gallett's March 29, 1999 Confirmation Order
16  discharged the debtor notwithstanding that such a discharge was
17  not proper under section 1141(d)(3) of the Bankruptcy Code,
18  where the plan was a liquidating plan and the debtor did not
19  engage in business after consummation of the plan.

20  (Tze Wung also suggests, although the May 12, 2011
21  hearing record has made it clear that this suggestion is not
22  meaningful, that even if under normal circumstances I would
23  deny its Rule 9024 motion, I should not do so here because Tze
24  Wung is effectively precluded from appeal if I do. That basis
25  is not meaningful or relevant here because the parties,

including Bank of Baroda, acknowledge that under Bankruptcy Rule 8002(b)(3) the pendency of Trendi's Rule 9023 motion has effectively stayed any appeal from my August 15, 2007 Order, including Tze Wung's, so that, in essence, my ruling on Trendi's Rule 9023 motion would start the appeal clock running.)

"Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. In other words it should be broadly construed to do 'substantial justice,' yet final judgments should not 'be lightly reopened.' The Rule may not be used as a substitute for a timely appeal. Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances," in the discretion of the trial court. Nemaizer v. Baker, 793 F.2d 58, 61 (2d. Cir. 1986) (internal citations omitted). Rule 60(b)(6), in particular, "is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5)." Id. at 63 (internal citations omitted). See also In re Teligent, Inc., 326 B.R. 219, 227 (S.D.N.Y. 2005); In re Taub, 421 B.R. 37, 42 (Bankr. E.D.N.Y. 2009); In re AMC Realty Corp., 270 B.R. 132, 143-44 (Bankr. S.D.N.Y. 2001).

Although it has been held that Rule 60(b)(6) (rather

1   than Rule 60(b)(1), which, as noted above, is unavailable to

2   Tze Wung) may be invoked in compelling circumstances to correct

3   judicial error, see Krautheimer v. Krautheimer, 210 B.R. 37,

4   42-3 (Bankr. S.D.N.Y. 1997)(applying Rule 60(b)(6); but see

5   Schildhaus v. Moe, 355 F.2d 526, 530-31 (2d Cir. 1964) (per

6   curiam) (applying Rule 60(b)(1) to judicial error "in cases

7   with very special facts")), it is also well recognized that

8   "The limitation on the use of Rule 60 motions as a substitute

9   for appeal is especially true of motions under Rule 60(b)(6)."

10  In re Teligent, 326 B.R. at 227, quoting Eutectic Corp. v.

11  Metco, Inc., 597 F.2d 32, 34 (2d Cir. 1979).   See also   Leonard

12  v. Lowe's Home Ctrs., Inc., 83 Fed. Appx. 402, 304 (2d Cir.

13  2003).  Thus the courts' strong reluctance to use Rule 60 to

14  correct an error of law, see In re Texlon Corp., 596 F.2d 1092,

15  1100 (2d Cir. 1979), should be especially great if, as here,

16  the movant waited over three-and-a-half years to seek such

17  relief. See Schildhaus v. Moe, 335 at 531 ("nothing in the

18  Rule, the cases, or the treatises suggest that a motion for

19  relief from judicial error more than eight months after the

20  entry of judgment is made 'within a reasonable time' as the

21  Rule requires").

22          In light of the foregoing and the record, Tze Wung's

23  Rule 9024 motion should be denied, on three alternative

24  grounds.

25          First, Tze Wung's motion was not made within a

1    reasonable time under Rule 60(c)(1).  Although a "reasonable

2    time" for purposes of Rules 60(c)(1)/9024, is not defined, case

3    law provides substantial guidance in the light of the

4    underlying purpose of the Rule, which, as noted above is to do

5    justice in balance with recognizing the policy in favor of the

6    finality of judgments.  The Court needs to consider the

7    particular circumstances of the case and balance the interest

8    in finality with the reasons for the movant's delay, a

9    consideration that is within the Court's discretion.  See In re

10   Spiegel, 269 Fed. Appx. 56, 58 (2d Cir. 2008); Truskowski v.

11   ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995); In re AMC Realty,

12   207 B.R. 144-45.  Here, Tze Wung was represented by experienced

13   counsel (in contrast to the pro se litigant in Krautheimer, 210

14   B.R. at 37), and it has not alleged any facts suggesting that

15   it did not control the timing of its filings in this Court.

16   Moreover, the basis for its motion is an alleged error of law,

17   which, as discussed above, to the extent that it may ever serve

18   as a proper basis for relief under Rule 60(b)(6), should be

19   evoked diligently and only in extremely compelling

20   circumstances in this context, so that the Rule is not invoked

21   as a substitute for an appeal.

22        It is worth noting that Tze Wung's belief that its

23   appeal was handcuffed by the delay in my ruling on Trendi's

24   Rule 9023 motion (although there is nothing in the record to

25   suggest that it advised the District Court of the motion,

1  either before or after its appeal was dismissed for lack of
2  prosecution), clearly does not justify Tze Wung's lengthy delay
3  in filing its own motion under Rule 9024.  To the contrary, Tze
4  Wung should have, if anything, become more proactive in light
5  of what it says was its being "handcuffed" by the delayed
6  ruling on Trendi's motion. In other words, it appears that
7  whether Tze Wung willingly handcuffed itself, or not, it was
8  unreasonable for Tze Wung to have waited over three-and-a-half
9  years to make its own motion. See In re Spiegel, 269 Fed. Appx.
10 At 58 (seven-month delay unreasonable); Truskowski, 50 F.3d at
11 77 (18-month delay unreasonable). See also Ackermann v. United
12 States, 340 U.S. 193, 1975-98 (1950) (extraordinary
13 circumstances for relief from judgment under Rule 60(b)(6) not
14 shown by movant who relied on ruling in co-defendant's appeal
15 when movant, himself did not appeal).
16        Second, Tze Wung's assertion of legal error does not
17 rise to the level of the "very special facts," "extraordinary
18 circumstances" or "extreme and undue hardship" under the
19 authorities discussed above warranting Rule 60(b)(6) relief.
20        Finally, Tze Wung's assertion of legal error is
21 incorrect.  The premise of its Rule 9024 motion is that the
22 Court manifestly erred when it concluded, in the August 15 2007
23 Order, that the Chapter 11 plan and the March 29, 1999
24 Confirmation Order discharged the Debtor notwithstanding that
25 section 1141(d)(3) of the Bankruptcy Code precludes a

1   liquidating debtor from receiving a discharge.

2          Clearly, however, regardless whether Judge Gallett
3   erred in 1999 in confirming such a plan, the Confirmation Order
4   is final and no longer subject to appeal and the plan may not
5   be modified.  The Confirmation Order clearly was res judicata
6   when I ruled on August 15, 2007, and that legal proposition has
7   since been confirmed twice by the Supreme Court.  United
8   Student Aid Funds Inc. v. Espinosa, 130 S. Ct. 1367, 1377-80
9   (2010) ("[T]he Bankruptcy Court's failure to find undue
10  hardship before confirming Espinosa's plan was a legal error. .
11  . .  But the order remains enforceable and binding on United
12  because United had notice of the error and failed to object or
13  timely appeal"); Travelers Indemnity Company vs. Bailey, 129 S.
14  Ct. 2195, 2206 (2009) (applying res judicata to collateral
15  attack on plan confirmation order even where the bankruptcy
16  court might have erroneously concluded that it had subject
17  matter jurisdiction).

18         Given this impediment, Tze Wung's motion makes a
19  second argument, which is that, even if the Confirmation Order
20  is res judicata, the Confirmation Order itself incorporated
21  section 1141 and, therefore, was limited by section 1141(d)(3)
22  and, therefore, notwithstanding the Order's provision that the
23  debtor is going to receive a discharge, it really didn't mean
24  it – instead, the real meaning of the Confirmation Order is
25  that the debtor will receive a discharge except that it won't

 1   receive a discharge because the discharge is only pursuant to

 2   1141.

 3        This argument is particularly galling in that it is

 4   presented as being manifestly true, yet is contradicted not

 5   only by the clear language of paragraph 9.1(a) of the Plan

 6   (which provides for an unqualified section 1141 discharge "from

 7   all Claims against and Interests in the Debtor that arose prior

 8   to the Effective Date") and paragraph F(1)(a) of the

 9   Confirmation Order (which says the same thing), but also by Tze

10   Wung's underlying motion that I denied in the August 15, 2007

11   Order. Far from arguing that it is obvious that the Chapter 11

12   plan and Confirmation Order implicitly incorporate the

13   limitation in section 1141(d)(3) of the Bankruptcy Code, Tze

14   Wung's underlying motion does not even mention section

15   1141(d)(3).  Instead, it contends that (a) the plan's failure

16   to carve out an exception to the discharge for Trendi's claim

17   against the debtor was "an obvious scrivener's error," (b) the

18   Court could still modify the plan under section 1127(b)

19   because, although distributions had been made, the anticipated

20   distributions in the event that the debtor prevailed against

21   Bank of Baroda had been thwarted by District Judge Martin's

22   decision, (c) the debtor could waive the discharge as to

23   Trendi, (d) the Court could use its general equity powers to

24   revoke the discharge of Trendi's claim, (e) "the Court should

25   temporarily suspend or lift the discharge provision of the

1    confirmation order," and (f) the Court could permit the debtor

2    to file another chapter 11 case to make the necessary changes

3    to the plan and confirmation order.  Of course, each of these

4    arguments is contrary to the proposition, now advanced by Tze

5    Wung, that the Chapter 11 plan and Confirmation Order obviously

6    limit the reach of their discharge provisions by the

7    unexpressed but implicit incorporation of section 1141(d)(3).

8           In fact, I, myself, raised the section 1141(d)(3)

9    issue during oral argument, considered it and concluded that,

10   even if Judge Gallett did not have authority to grant a

11   discharge, his Confirmation Order was final, not subject to

12   appeal and <u>res judicata</u> and the plan could not be modified.

13   There was no suggestion that the parties intended to

14   incorporate section 1143(d)(3) into the plan or the

15   Confirmation Order.

16           Therefore, for each of the foregoing reasons, Trendi's

17   motion under Bankruptcy Rule 9023 is denied, and Tze Wung's

18   motion under Bankruptcy Rule 9024 is denied.  Counsel for Bank

19   of Baroda can submit separate orders on both motions.

20

21   Dated:   White Plains, New York
                July 1, 2011
22
                              /s/Robert D. Drain
23                            Hon. Robert D. Drain
                              United States Bankruptcy Judge
24

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25